IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:17-CV-202-FL

| | | |
|---|---|---|
| JENNIFER WILLIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

On October 17, 2013, plaintiff protectively filed an application for disability insurance benefits, alleging disability beginning March, 18, 2013. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held March 31, 2016, denied plaintiff's claims by decision entered April 20, 2016. Following the ALJ's denial of her applications, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request, leaving the ALJ's decision as

defendant's final decision. Plaintiff then filed this action seeking judicial review.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for

2

the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since March 18, 2013. At step two,

the ALJ found plaintiff had the following severe impairments: fibrolipomatous hypertrophy of the median nerve, status post extended carpal tunnel release; macrodystophia liomatosa; right long finger macrodactyly, brachydactyly; and diffuse degenerative changes in the dominant upper extremity. At step three, the ALJ determined these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work, with the following exceptions: no climbing of ladders, ropes or scaffolds; with occasional handling and fingering with the dominant upper extremity.

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

In her objection, plaintiff argues that the ALJ failed to properly assess the credibility of evidence used to calculate her RFC. In this respect, plaintiff repeats the argument raised in her motion for judgment on the pleadings, which the magistrate judge cogently addressed in the M&R. The court writes separately to discuss plaintiff's objection.

Where an ALJ assesses credibility of evidence, the ALJ must first determine whether the claimant's medically determinable impairments could reasonably be expected to cause his alleged symptoms. Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006). After this determination is made, the ALJ must then evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work." Craig, 76 F.3d at 594–96 (internal citations omitted). The evaluation must account for "all the available evidence, including the claimant's medical history,

medical signs, ... laboratory findings, ...daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. at 595 (internal citations omitted). The ALJ must not merely summarize the evidence in the record the ALJ deems credible in calculating plaintiff's RFC, but must explain, based on the evidence summarized, his conclusion that plaintiff can actually perform the tasks required by the designated RFC. Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ properly assessed the credibility of plaintiff's statements regarding plaintiff's limited ability to use her hand. At step one of the evaluation of plaintiff's symptoms, the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 28). However, at step two the ALJ did not fully credit plaintiff's testimony and evidence as to her limited range of activities. The ALJ was familiar with the occupational therapy records cited by plaintiff in her objection to the M&R, and discussed the findings of the report:

> The claimant continued to receive occupational therapy through Nash Healthcare from May 9 – August 2, 2013 (8F). At discharge, the claimant's range of motion had improved in her hand and digits, but pain prevented her from using her hand. Her right grip was 5 pounds, and her left grip was 45 pounds. Her right lateral pinch was 4.5, and her left lateral pinch was 12 pounds. Her right wrist strength was -4/5 flexion, and 4/5 extension. She reported having significant pain relief with a TENS unit, and she was to receive a home unit (8F/32, 34).

(Tr. 25). Similarly, the ALJ knew of the June 3, 2014 emergency room visit where plaintiff reported tingling in her right hand, and discussed it in deciding plaintiff's case. (Tr. 26) (citing Tr. 323).

The ALJ found this evidence insufficient to justify a more restrictive RFC based on a number of factors, including lack of objective evidence which would support a finding that plaintiff could not use her hand. (Tr. 29). Although suggestive of loss of strength, the occupational therapy report

5

plaintiff relies upon only addressed plaintiff's condition from May 9 – August 2, 2013. (Tr. 25) (citing Tr. 357-408). Additionally, the report did describe some improvement in the range of motion in plaintiff's hand. (Tr. 29) (citing Tr. 389, 393). The ALJ weighed this evidence together with an absence of any further documentation in subsequent medical reports of loss of strength or feeling in plaintiff's hand. (Tr. 29) (citing Tr. 338, 354). Plaintiff indicated in September 2013 her symptoms were not severe enough to justify surgery, and she did not receive any treatment from December 2014 – July 2015. (Tr. 29) (citing Tr. 280-81). The ALJ also accorded substantial weight to the opinion of a nonexamining Disability Determination consultant, who reviewed plaintiff's medical records, including the record of plaintiff's June 3, 2014 surgery, and found plaintiff had unlimited feeling in her right hand notwithstanding her limitations in handling and fingering with that hand.[1] (See Tr. 84).

Additionally, the ALJ noted plaintiff's medical treatment of her hand was "routine, conservative, and not in any way commensurate with allegations of symptoms so severe as to preclude work." (Tr. 29). Plaintiff only relied on a home remedy to treat pain in her hand rather than seeking medication or other forms of treatment. (Tr. 57). The ALJ did not err in considering the limited extent of plaintiff's treatment after September 2013 when calculating her RFC. Taken together, the ALJ's determination of plaintiff's RFC is supported by substantial evidence.

Plaintiff challenges the ALJ's finding that she could perform "occasional handling and fingering with the dominant upper extremity" based on evidence that she continues to suffer from debilitating pain and lack of grip strength in the right hand. Beyond generally asserting the decision

---

[1] Plaintiff does not challenge the expert's opinion, and does not explain why the ALJ erred in according substantial weight to such an analysis.

was unsubstantiated, plaintiff specifically urges the court to consider records from occupational therapy for her hand, as well as her own impressions from a June 3, 2014 emergency room visit where plaintiff complained of "tingling in her fingers and increased pain." (Tr. 318-323, 388-395).

Plaintiff's argument fails because, as discussed above, the ALJ considered these pieces of evidence in issuing a decision. By citing medical reports subsequent to occupational therapy where plaintiff did not seek further treatment or complain of pain, as well as plaintiff's conservative treatment for her hand, the ALJ adequately addressed the evidence proffered by plaintiff when determining the extent of plaintiff's limitation and calculating her RFC. "In reviewing for substantial evidence, the court is not to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for defendant's." Craig, 76 F.3d at 589 (internal quotations omitted). Consequently, the court is satisfied that the Commissioner's decision was supported by substantial evidence. Plaintiff's objection to the M&R is overruled.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the recommendation in the M&R, DENIES plaintiff's motion for judgment on the pleadings, (DE 17), and GRANTS defendant's motion for judgment on the pleadings, (DE 19). The clerk is DIRECTED to close this case.

SO ORDERED this the        day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge